T.C. Summary Opinion 2011-12

UNITED STATES TAX COURT

SONGIE S. MILHOUSE, Petitioner,
AND ANTHONY D. TODD, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20468-09S.                     Filed February 9, 2011.

Songie S. Milhouse, pro se.

Anthony D. Todd, pro se.

Julie A. Jebe, for respondent.

LARO, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision

_____

[1]Subsequent section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner petitioned the Court under section 6015(e)(1) to review respondent's determination that she is not entitled to relief from joint and several liability on her 2006 joint Federal income tax return. Petitioner's former husband, Anthony D. Todd (Mr. Todd), intervened in opposition to petitioner's request for relief. See Rule 325(b). We decide whether to sustain respondent's determination that petitioner was not entitled to relief under subsection (b), (c), or (f) of section 6015. We hold that we will not.

## Background

Some facts were stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated by this reference. When the petition was filed, petitioner and Mr. Todd resided at separate addresses in Illinois.

Petitioner and Mr. Todd were married in February 2006 and divorced in October 2007. Petitioner entered into the marriage with three children, all of whom lived with petitioner and Mr. Todd in his residence. Before their divorce was finalized, petitioner and Mr. Todd filed a joint Federal income tax return for 2006 (joint return).

Throughout the marriage, petitioner mostly separated herself financially from Mr. Todd because of a "pattern" of "financial

mismanagement" which she perceived on the part of Mr. Todd. Wages and child support payments which petitioner received were therefore deposited into her individual bank account. Mr. Todd, however, deposited his wages into a bank account jointly held with petitioner (joint account). Funds deposited into the joint account were used to pay household expenses and make improvements to Mr. Todd's house. While petitioner had access to the joint account, she never in fact accessed it. Instead, petitioner periodically transferred money to the joint account when Mr. Todd requested that she do so.

During 2006 Mr. Todd received distributions (retirement distributions) from a retirement account with Ameriprise Financial Services, Inc., and $25 in interest income from an account with Charter One Bank.[2] Petitioner and Mr. Todd did not report the retirement distributions or the interest income on the joint return. Respondent subsequently determined a deficiency in petitioner and Mr. Todd's 2006 Federal income tax liability for failure to report the retirement distributions and the interest income as taxable. Neither petitioner nor Mr. Todd petitioned the Court to challenge respondent's determination, and respondent assessed the deficiency in due course.

---

[2]We understand the interest income to have been earned on deposits held in the joint account.

Petitioner sent to respondent a Form 8857, Request for Innocent Spouse Relief, which respondent received on August 27, 2008. In her request for relief, petitioner stated that she reported "all" of her income and that she was "under the impression" that Mr. Todd had provided her with all yearend tax statements he received for inclusion on the joint return. Before petitioner's entitlement to relief was determined, respondent provided Mr. Todd with the opportunity to oppose relief by filing with respondent a Form 12509, Statement of Disagreement.

Mr. Todd sent to respondent his statement of disagreement, which respondent received on February 26, 2009. In that statement Mr. Todd asserted that petitioner "knew" about the retirement income because she had access to the joint account both online and through statements that were mailed to their residence. Mr. Todd also stated that he gave petitioner all year-end tax statements to be reported on the joint return. Respondent subsequently forwarded petitioner's request for relief to respondent's Office of Appeals for further consideration.

By notice of determination dated May 28, 2009, Appeals determined that petitioner was not entitled to innocent spouse relief under section 6015(b), (c), or (f) because petitioner (1) knew or had reason to know of the items giving rise to the deficiency, and (2) did not demonstrate that it would be unfair to hold her liable for the deficiency. On August 26, 2009,

petitioner petitioned the Court to review respondent's determination.  Pursuant to Rule 325(a), respondent served notice of this proceeding on Mr. Todd, who filed his notice of intervention with the Court on December 2, 2009.  A trial was held on September 20, 2010, during which petitioner and Mr. Todd testified.

## Discussion

In general, spouses who file a joint Federal income tax return are jointly and severally liable for all taxes due.  Sec. 6013(d)(3); see also sec. 1.6013-4(b), Income Tax Regs.  In certain limited circumstances, however, section 6015 permits an individual who has made a joint return to seek relief from joint and several liability.  Petitioner argues that she is entitled to relief under subsections (b), (c), and (f) of section 6015.  Respondent argues that petitioner is not entitled to such relief because she had actual knowledge of the income giving rise to the deficiency.  We focus on petitioner's entitlement to relief under section 6015(c).

A requesting spouse who has made a joint return may elect to proportionally limit her liability where she is no longer married to the nonrequesting spouse at the time the election is made.  Sec. 6015(c)(3)(A)(i)(I).  At the time petitioner filed her request for relief on August 27, 2008, she and Mr. Todd were not

married.  Thus, petitioner was eligible to elect relief under section 6015(c).

Respondent argues that petitioner is not entitled to relief under section 6015(c) because she had actual knowledge of the items giving rise to the deficiency at the time she signed the return.  See sec. 6015(c)(3)(C).  We disagree.  To determine the existence of actual knowledge on the part of petitioner, we look to the surrounding facts and circumstances for "an actual and clear awareness (as opposed to reason to know)" of the items giving rise to the deficiency.  See Cheshire v. Commissioner, 115 T.C. 183, 195 (2000), affd. 282 F.3d 326 (5th Cir. 2002); see also sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs.  The burden of proving actual knowledge by a preponderance of the evidence rests with the Commissioner.  See Culver v. Commissioner, 116 T.C. 189, 196 (2001).  Under this standard, respondent has failed to satisfy his burden of proof.

Petitioner and Mr. Todd were married less than 2 years, during which time petitioner separated herself financially from Mr. Todd because of a "pattern" of "financial mismanagement" on the part of Mr. Todd.  Petitioner testified credibly that she transferred money to the joint account but did not access the account or have any knowledge regarding the funds being deposited into that account.  This testimony supports petitioner's claim that she did not have actual knowledge of the items giving rise

to the deficiency at the time she signed the return.  We generally reject Mr. Todd's contradictory testimony as self-serving and incredible.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Such is especially appropriate given that Mr. Todd did not offer any corroborating evidence to support his allegations of actual knowledge on the part of petitioner.

Respondent effectively asks that we infer petitioner's actual knowledge on the basis of (1) her ability to access the joint account, and (2) the use of the retirement distributions and interest income to pay household expenses, which petitioner benefited from.  In doing so, respondent implicitly asks that we replace the "reason to know standard" of section 6015(b) and (f) with the actual knowledge requirement of section 6015(c).  We decline to do so.

The actual knowledge requirement of section 6015(c) is narrower than the "reason to know" standard of section 6015(b) or (f).  See McDaniel v. Commissioner, T.C. Memo. 2009-137.  As enunciated by the Senate report accompanying the enactment of section 6015, "actual knowledge must be established by the evidence and shall not be inferred based on indications that the electing spouse had a reason to know."  S. Rept. 105-174, at 59 (1998), 1998-3 C.B. 537, 595.  Respondent did not offer any corroborating evidence at trial to support a finding that petitioner had actual knowledge of the items giving rise to the

deficiency, nor did respondent substantively cross-examine petitioner or Mr. Todd on the scope of petitioner's knowledge. Petitioner, on the other hand, credibly disavowed any actual knowledge of the items giving rise to the deficiency and provided a vigorous cross-examination after Mr. Todd's direct testimony. Accordingly, we hold that petitioner did not have actual knowledge of the items giving rise to the deficiency that would preclude the granting of relief under section 6015(c).  See Levy v. Commissioner, T.C. Memo. 2005-92; Sowards v. Commissioner, T.C. Memo. 2003-180.  We now determine the extent of relief available to petitioner as provided by section 6015(d).

Section 6015(d)(3)(A) provides that items giving rise to a deficiency on a joint return are to be allocated between spouses as if separate returns had been filed.  The requesting spouse is liable only for her proportionate share of the deficiency that results from the allocation.  Sec. 6015(d)(1).  Where, as here, the joint return omits items of income, those items are allocated to the spouse who was the source of the income.  Sec. 1.6015-3(d)(2)(iii), Income Tax Regs.  However, to the extent that an item giving rise to a deficiency provided a tax benefit on the joint return to the requesting spouse, that item shall be allocated to the requesting spouse in computing her share of the

deficiency.  Sec. 6015(d)(3)(B).[3]  Petitioner, as the requesting spouse, bears the burden of proving the portion of the deficiency that is properly allocable to her.  See sec. 6015(c)(2).

The record does not contain a copy of the joint return and does not otherwise enable us to determine the amount (if any) of the tax benefit petitioner received on the joint return.  In the absence of any contradictory evidence or significant cross-examination on the part of respondent, we are left only with petitioner's testimony that she did not receive any benefit from the retirement distributions or the interest income.  After observing petitioner's demeanor at trial, we are satisfied that her testimony was truthful and that she received no tax benefit from the items giving rise to the deficiency.  See, e.g., Mora v. Commissioner, 117 T.C. 279, 290-291 (2001).  We will allocate the items giving rise to the deficiency entirely to Mr. Todd as the person who earned them.

---

[3]Respondent does not assert that the fraud exception of sec. 6015(d)(3)(C) is applicable here, nor is it.

We conclude that petitioner is entitled to full relief under section 6015(c).[4]  We have considered all arguments made by the parties, and to the extent that we have not specifically addressed them, we conclude that they are without merit.

<u>Decision will be entered</u>

<u>for petitioner</u>.

---

[4]Given that holding, we need not discuss petitioner's entitlement to relief under sec. 6015(b) and (f).